Andrew Reichardt, Utah Bar # 11343
Attorney for Stacie Geigle
5330 South 900 East, Suite 115
Salt Lake City, UT 84117
(801) 261-3400
andrew@utdisability.com

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| STACIE GEIGLE, | § § § | |
| Plaintiff, | § § | **ERISA COMPLAINT** |
| v. | § § § | |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, | § § § | Civil Action No. (                    ) |
| Defendant. | § § | |

---

## COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA

COMES NOW, Plaintiff, STACIE GEIGLE, and makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay Long Term Disability benefits due under an employee benefits plan, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

### JURISDICTION AND VENUE

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" an "employee welfare benefits plan" as defined by ERISA, 29 U.S.C. § 1001 et seq. and the subject Disability Plan

constitutes a "plan under ERISA."

2.    The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials.  In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

3.    Venue is proper within the Central Division of the District of Utah pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

4.    Plaintiff, Stacie Geigle, (hereinafter "Plaintiff"), is currently and was at all relevant times, a resident of Salt Lake County, Utah.

5.    Plaintiff alleges upon information and belief that Liberty Life Assurance Company of Boston (hereinafter "Liberty") is an insurance company authorized to transact the business of insurance in this state. Liberty is the underwriter for Group Policy Number GD/GF3-850-290765-01 and may be served with process by serving Corporation Service Company, 15 West South Temple, Suite 1701, Salt Lake City, UT 84101.

6.    Plaintiff alleges upon information and belief that Defendant Liberty established the policies and procedures governing the payment or denial of claims, the policy for document retention and otherwise established the procedures under which the decision-makers made the decision to deny benefits that is the subject of this law suit, and was the *de facto* decision-maker in Plaintiff's claim.

## FACTS

7.    Plaintiff was employed by Wal-Mart Stores, Inc. in its Utah location.  By virtue of her employment, Plaintiff is a participant or beneficiary of a Long Term Disability

benefit plan providing participants with coverage under group disability insurance policy number GD/GF3-850-290765-01, issued by Liberty.

8.      The policy provides for a number of different classes of participants.  Plaintiff is a Class A2 participant in the plan.

9.      Plan participants are subject to an elimination period of the greater of the end of participant's Short Term Disability Benefits, or 182 days.

10.      The plan provides benefits for an employee who, for the first 12 months that benefits are payable, is unable to perform the Material and Substantial Duties of his Own Occupation, due to Injury or Sickness.

11.      After the Own Occupation period, the plan provides benefits for an employee who is unable to perform the Material and Substantial duties of Any Occupation with reasonable continuity.

12.      Born in 1971, Plaintiff was 45 years old when she stopped working due to her disability.  The plan provides benefits until Social Security's Normal Retirement Age (SSNRA) for participants that became disabled before the age of 62 and remain disabled as defined by the plan.  Plaintiff's SSNRA is age 67.

13.      Plaintiff ceased work due to a disability on or about July 26, 2016 while covered under the Plan.

14.      Plaintiff made an application for long term disability benefits pursuant to the Plan and was granted plan benefits.

15.      Liberty paid benefits to Plaintiff through May 17, 2018.

16.      By letter dated May 18, 2018, Liberty terminated benefits effective that date.

17. In accordance with the review procedures set forth in the Plan, 29 U.S.C. § 1133, and 29 C.F.R. § 2560.503-1, Plaintiff appealed the denial of benefits, arguing that he met the Plan's definition of disability.

18. By letter dated August 15, 2018, Liberty denied Plaintiff's appeal.

19. Plaintiff has exhausted the required plan appeals. The final decision was issued on August 15, 2018 refusing to grant long term disability benefits.

20. Plaintiff has been and continues to be disabled as defined by the provisions of the Plan.

21. The Plan documents do not grant discretion or any purported grant of discretion is not sufficient to grant discretion to the entity that made the decision to deny benefits.

22. The Court's standard of review is de novo under Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989).

23. The entity that made the decision to deny benefits would pay any benefits due out of its own funds.

24. The entity that made the decision to deny benefits was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

25. The entity that made the decision to deny benefits allowed its concern over its own funds to influence its decision-making.

**FIRST CAUSE OF ACTION**
**FOR PLAN BENEFITS AGAINST ALL DEFENDANTS**
**PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)**

Plaintiff incorporates the allegations contained in paragraphs 1 through 25 as if fully stated herein and states further that:

4

26.     Under the terms of the plan, Defendant agreed to provide Plaintiff with Long Term Disability benefits in the event that Plaintiff became disabled as defined by the plan, and to continue benefits for 24 months, so long as Plaintiff remained disabled.

27.     Plaintiff remains disabled under the terms of the plan.

28.     Defendant failed to provide benefits due under the terms of the plan, and this denial of benefits to Plaintiff constitutes a breach of the plan.

29.     The decision to deny benefits was wrong under the terms of the plan.

30.     The decision to deny benefits and the decision-making process were arbitrary and capricious.

31.     The decision to deny benefits was not supported by substantial evidence in the administrative record.

32.     As a direct and proximate result of the aforementioned conduct of Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which Plaintiff would have been entitled under the plan.

33.     As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

<strong><u>PRAYER FOR RELIEF</u></strong>

WHEREFORE, Plaintiff, Stacie Geigle, requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action:**

5

1. A finding in favor of Plaintiff against Defendant;

2. Damages in the amount equal to the disability benefits to which he was entitled through date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. An Order requiring Defendant to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan.

4. Plaintiff's reasonable attorney fees and costs pursuant to 29 U.S.C. § 1132(g); and,

5. Such other relief as this court deems just and proper.

Plaintiff further requests that the Court order Defendant to provide to Plaintiff a bound copy of the administrative record consecutively paginated.

Dated this 8th day of February, 2019.

Respectfully Submitted,

ANDREW REICHARDT
ATTORNEY FOR PLAINTIFF

BY:     _/s/ Andrew Reichardt_____
Andrew Reichardt (#11343)
The Law Office of Andrew Reichardt, PLLC
5330 South 900 East, #115
Salt Lake City, UT 84117
Phone: (801) 261-3400
Fax: (801) 261-3535
E-mail: andrew@utdisability.com

6