**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **STACIE GEIGLE,** | **ORDER TO PROPOSE SCHEDULE** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:19-cv-00091-PMW** |
| **LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,** | **Chief Magistrate Judge Paul M. Warner** |
| **Defendant.** | |

To secure the just, speedy, and inexpensive determination of every action and proceeding and fulfill the purposes of Rules 16 and 26 of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED:

1.  Plaintiff must propose a schedule to Defendant in the form of a draft Attorney Planning Meeting Report within the earlier of fourteen (14) days after any Defendant has appeared or twenty-eight (28) days after any Defendant has been served with the complaint.

2.  Within the earlier of twenty-eight (28) days after any Defendant has appeared or within forty-two (42) days after any Defendant has been served with the complaint (or such other time as the court may order), the parties shall meet and confer and do one of the following:

    a.  File a jointly signed Attorney Planning Meeting Report and also e-mail a stipulated Proposed Scheduling Order in word processing format to the

assigned District Judge or Magistrate Judge, or, if the case is referred to a Magistrate Judge, to the referral Magistrate Judge; or

b. If the parties cannot agree on a Proposed Scheduling Order, Plaintiff must file a jointly signed Attorney Planning Meeting Report detailing the nature of the parties' disputes and must also file a stipulated Motion for Initial Scheduling Conference; or

c. If the parties fail to agree on an Attorney Planning Meeting Report or on a stipulated Motion for Initial Scheduling Conference, Plaintiff must file a Motion for Initial Scheduling Conference, which must include a statement of Plaintiff's position as to the schedule. Any response to such a motion must be filed within seven (7) days.

3. In the absence of filing a stipulated Proposed Scheduling Order, the parties must be prepared to address the following issues, in addition to those raised by the Attorney Planning Meeting Report:

a. What 2-3 core factual or legal issues are most likely to be determinative of this dispute?

b. Who are the 1-3 most important witnesses each side needs to depose? Is there any reason these witnesses cannot be deposed promptly?

c. What information would be most helpful in evaluating the likelihood of settlement? Is there any reason it cannot be obtained promptly?

d. Briefly describe the crucial facts, primary claims, and primary defenses.

e.    Are all claims for relief necessary or are they overlapping?  Can any claim for relief be eliminated to reduce discovery and expense?

f.    Are all pleaded defenses truly applicable to this case?  Can any be eliminated?

g.    What could be done at the outset to narrow and target the discovery in this case?

h.    What agreements have the parties reached regarding limitations on discovery, including discovery of ESI?

i.    Is there a need to schedule follow-up status conferences?

4.    Each party shall make initial disclosures within forty-two (42) days after the first answer is filed.  This deadline is not dependent on the filing of an Attorney Planning Meeting Report, the entry of a Scheduling Order, or the completion of an Initial Scheduling Conference.

5.    The parties are urged to propose a schedule providing for:

a.    Fact discovery completion no more than six (6) months after the filing of the first answer.

b.    Expert reports from the party with the burden of proof on that issue twenty-eight (28) days after the completion of fact discovery, and responsive reports twenty-eight (28) days thereafter.

c.    Expert discovery completion twenty-eight (28) days after filing of an expert's report.

3

    d.     Dispositive motion filing deadline no more than ten (10) months after the filing of the first answer.

IT IS SO ORDERED.

DATED this 12th day of February, 2019.

BY THE COURT:

_____

PAUL M. WARNER
Chief United States Magistrate Judge