Scott C. Powers (10976)
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, 11th Floor
Salt Lake City, Utah  84111
PH:  (801) 521-9000
FX:  (801) 363-0400
Email:  scp@scmlaw.com

Iwana Rademaekers
*Motion Pro Hac Vice Pending*
Law Offices of Iwana Rademaekers, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main:  (214) 579-9319
Fax:  (469) 444-6456

ATTORNEYS FOR DEFENDANT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| STACIE GEIGLE, | § § § § | DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT |
| Plaintiff | § § | 2:19-cv-00091-PMW |
| vs. | § § | |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, | § § § | Magistrate Judge Paul M. Warner |
| Defendant. | § | |

Defendant Liberty Life Assurance Company of Boston ("Liberty Life"), by and through its counsel, answers or otherwise responds to Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Liberty Life upon which relief may properly be granted.

Liberty Life further responds to the specific allegations of the Complaint as follows:

## JURISDICTION AND VENUE

1.     Liberty Life admits Plaintiff's claims are governed by Section 502(a)(1)(B) of ERISA (29 U.S.C. § 1132(a)(1)(B)) and that the benefit plan at issue in this action is an "employee welfare benefits plan" as defined by ERISA.  Liberty Life admits this Court has jurisdiction over this action.  Liberty Life denies that Plaintiff is entitled to any recovery under ERISA and denies all remaining allegations contained in Paragraph 1 of the Complaint.

2.     Liberty Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under 29 U.S.C. § 1132(a)(1)(B).  Liberty Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process.  Liberty Life denies that Plaintiff is entitled to any recovery under ERISA and denies all remaining allegations contained in Paragraph 2 of the Complaint.

3.     Liberty Life admits that venue is proper in this Court.  Liberty Life denies that Plaintiff is entitled to any recovery under ERISA and denies all remaining allegations contained in Paragraph 3 of the Complaint.

## PARTIES

4.     Liberty Life is without sufficient knowledge concerning Plaintiff's current residence to admit or deny allegations concerning that matter.  Liberty Life denies all remaining allegations contained in Paragraph 4 of the Complaint.

5.      Liberty Life admits that it is licensed to conduct business in the State of Utah. Liberty Life admits it issued Group Disability Income Policy Number GD/GF3-850-290765-01 (the "Policy") to Wal-Mart Stores, Inc. ("Walmart") which, at certain times, insured long-term disability ("LTD") benefits from the Wal-Mart Stores, Inc. Associates' Health and Welfare Plan (the "Plan") sponsored by Walmart.  Liberty Life admits it was properly served in this action. Liberty Life denies all remaining allegations contained in Paragraph 5 of the Complaint.

6.      Liberty Life admits it issued the Policy to Walmart and was the claims administrator for claims for LTD benefits from the Plan under the Policy.  Liberty Life denies all remaining allegations contained in Paragraph 6 of the Complaint.

## FACTS

7.      Liberty Life admits Plaintiff was, at certain times, employed by Walmart, and that Walmart sponsored the Plan to provide disability benefits to certain of its employees.  Liberty Life further admits Plaintiff was, at certain times, a participant in the Plan, and that the Policy, at certain times, insured LTD benefits from the Plan.  Liberty Life denies all remaining allegations contained in Paragraph 7 of the Complaint.

8.      To the extent that the allegations contained in Paragraph 8 of the Complaint are an attempt to interpret the Policy, Liberty Life refers to the Policy itself as the best evidence of its contents.  Liberty Life denies all remaining allegations contained in Paragraph 8 of the Complaint.

9.      To the extent that the allegations contained in Paragraph 9 of the Complaint are an attempt to interpret the Policy, Liberty Life refers to the Policy itself as the best evidence of its contents.  Liberty Life admits that certain documents concerning Plaintiff's Class under the Policy

are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan was determined, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. To the extent that the allegations contained in Paragraph 10 of the Complaint are an attempt to interpret the Policy, Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life admits that the Policy includes language pertaining to the definition of "Disability" and "Own Occupation" as applicable to a participant's claim for LTD benefits from the Plan under the Policy, and Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Liberty Life admits that the Policy includes language pertaining to the definition of "Disability," "Own Occupation," and "Any Occupation" as applicable to a participant's claim for LTD benefits from the Plan under the Policy, and Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Liberty Life admits that certain documents concerning Plaintiff's birthdate are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan was determined, and Liberty Life refers to the administrative record itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 12 of the Complaint seek to interpret the provisions of the Policy, Liberty Life refers to the documents governing the Policy as the best evidence of their contents. Liberty Life admits the Policy

includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for LTD benefits from the Plan, and Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Liberty Life admits Plaintiff's last day at work at Walmart was on or about October 23, 2016. Liberty Life further admits Plaintiff was, at certain times, a participant in the Plan. Liberty Life denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Liberty Life admits that Plaintiff submitted a claim for, and at certain times received, LTD benefits from the Plan under the Policy. Liberty Life denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Liberty Life admits that Plaintiff received, at certain times, LTD benefits from the Plan under the Policy. Liberty Life denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Liberty Life admits that it sent a letter dated May 18, 2018, to Plaintiff and Liberty Life refers to the letter itself for the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. To the extent that the allegations contained in Paragraph 17 of the Complaint are legal conclusions, Liberty Life is not required to answer. Liberty Life admits it received a letter from Plaintiff, appealing the denial of Plaintiff's claim for LTD benefits from the Plan, along with additional documentation, which is contained in the administrative record, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 17 of the Complaint.

18.     Liberty Life admits it sent a letter to Plaintiff dated August 15, 2018, and Liberty Life refers to the letter itself as the best evidence of its contents.  Liberty Life denies all remaining allegations contained in Paragraph 18 of the Complaint.

19.     Liberty Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of LTD benefits from the Plan under 29 U.S.C. § 1132(a)(1)(B).  Liberty Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process.  Liberty Life admits it sent a letter to Plaintiff dated August 15, 2018, and Liberty Life refers to the letter itself as the best evidence of its contents.  Liberty Life denies all remaining allegations contained in Paragraph 19 of the Complaint.

20.     Liberty Life denies all allegations contained in Paragraph 20 of the Complaint.

21.     Liberty Life denies all allegations contained in Paragraph 21 of the Complaint.

22.     Liberty Life denies all allegations contained in Paragraph 22 of the Complaint.

23.     Liberty Life admits it issued the Policy to Walmart and was, at certain times, the claims administrator for claims for benefits from the Plan under the Policy.  Liberty Life denies all remaining allegations contained in Paragraph 23 of the Complaint.

24.     Liberty Life admits it issued the Policy to Walmart and was, at certain times, the claims administrator for claims for benefits from the Plan under the Policy.  Liberty Life denies all remaining allegations contained in Paragraph 24 of the Complaint.

25.     Liberty Life denies all allegations contained in Paragraph 25 of the Complaint.

## FIRST CAUSE OF ACTION
## FOR PLAN BENEFITS AGAINS ALL DEFENDANTS
## PURSUANT TO 29 U.S.C. § 1132(A)1(B)

Liberty Life repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 25 of the Complaint as though fully set forth herein, and answers further as follows:

26.     To the extent that the allegations contained in Paragraph 26 of the Complaint are an attempt to interpret the Policy, Liberty Life refers to the Policy itself as the best evidence of its contents.   Liberty Life denies all remaining allegations contained in Paragraph 26 of the Complaint.

27.     Liberty Life denies all allegations contained in Paragraph 27 of the Complaint

28.     Liberty Life denies all allegations contained in Paragraph 28 of the Complaint.

29.     Liberty Life denies all allegations contained in Paragraph 29 of the Complaint.

30.     Liberty Life denies all allegations contained in Paragraph 30 of the Complaint.

31.     Liberty Life denies all allegations contained in Paragraph 31 of the Complaint.

32.     Liberty Life denies all allegations contained in Paragraph 32 of the Complaint.

33.     Liberty Life denies all allegations contained in Paragraph 33 of the Complaint.

Liberty Life denies all allegations contained in of the Prayer of the Complaint, including Paragraphs 1-5 thereunder, and denies all allegations contained in the Complaint not specifically admitted herein.

## SECOND DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

-7-

## THIRD DEFENSE

Plaintiff's claim for prejudgment interest under state law is preempted by ERISA.

## FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by waiver, estoppel, or laches.

## FIFTH DEFENSE

The standard of review by the District Court in this case should be whether the decision on Plaintiff's claim for LTD benefits was an abuse of discretion because the relevant plan documents contain sufficient discretionary language.

## SIXTH DEFENSE

Plaintiff's recovery of benefits, if any, from Liberty Life is subject to an offset pursuant to the terms of the Policy, which require offset and/or repayment of any award of other income or benefits received by Plaintiff, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration and any disability benefits Plaintiff receives from any commercial disability policy or workers' compensation policy or plan.

## SEVENTH DEFENSE

Liberty Life expressly reserves the right to amend this Answer to assert such additional affirmative defenses as may appear appropriate on initial Rule 26 disclosures or following discovery in this matter.

## EIGHTH DEFENSE

Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

## NINTH DEFENSE

The Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

WHEREFORE, Liberty Life prays that Plaintiff's Complaint and action against it be dismissed with prejudice, that Liberty Life be awarded its costs and attorneys' fees herein pursuant to 29 U.S.C. § 1132(g), and Liberty Life be awarded such other relief to which it may show itself entitled.

Dated the 6th day of March 2019.

Respectfully submitted,

SNOW, CHRISTENSEN & MARTINEAU

By:   /s/ *Scott C. Powers*
Scott C. Powers (10976)

COUNSEL FOR DEFENDANT

Liberty Life's Address:
150 N. Radnor Chester Rd.
Radnor, PA  19087

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, District of Utah, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record this 6th day of March, 2019:

Andrew Reichardt
E-mail: Andrew@utdisability.com

By:  /s/ *Cynthia Swensen*
Legal Assistant

-10-